Case 16-2021 Allen Thibault v. Edward Wazowski Argument not to exceed 15 minutes per side Ms. Thomas, you may proceed for the appellant Good morning Good morning, Your Honors. Michelle Thomas on behalf of the defendant Wazowski This morning this court is being asked to decide whether the defendant Wazowski, a municipal police officer, should be exposed to personal liability in the form of potentially significant monetary damages for arresting Mr. Thibault after Officer Wazowski determined in his professional judgment, a judgment that was corroborated by three other officers on the scene, that probable cause existed for Mr. Thibault's arrest for operating under the influence of intoxicants The evidence relied upon by the officer was Mr. Thibault's erratic driving, his unusual behavior and appearance Do you concede that all the fact inferences have to run in the direction of the non-movement here at the plaintiff? Well, actually Judge Sutton did file supplement authorities citing the case of White v. Pauley, Supreme Court decision just issued in January I would have thought there was a pretty clear yes or no answer Well, except the Supreme Court clarified that while generally, on summary judgment, the facts must be viewed in the light most favorable to the non-movement, in issues of qualified immunity, the courts must view the facts based on what the defendant knew at the time Which isn't a departure from its establishment That's not changing the rule that the inferences run in favor of the plaintiff here, that's all I'm saying I think the point is, though, Your Honor, is that the court was stressing that while those facts must be accepted, there must also be due consideration for what the defendant knew at the time And how a reasonable officer would have reacted to that set of facts Correct. And in this particular case, even if we concede that there was a constitutional violation, which we do not, because I think the record clearly establishes that there was probable cause If a jury could find for the plaintiff, having looked at something like this, and I actually think when I look at the video, you know, I guess a jury could find against your client, and isn't that the green question? And if that's the green question, what do you do? It may have been the question in green, although I think the facts are clearly distinguishable in our case in particular because we have corroboration from three other officers at the scene This is not just a he said, she said, but I'm going to be honest with you, I don't believe Green would survive Supreme Court review Well, I think you have a lot, you're right on that problem, go ahead Notwithstanding the corroboration, in the brief you cite to a number of cases that support a finding of probable cause based on, you know, one of the factors, failing the field sobriety test But those cases seem to all include an additional factor, whether it's the smell of a strong odor of intoxicants, you know, bloodshot eyes, the smell of marijuana, you know, some indicia of drinking in the vehicle And the corroboration of officers that there was probable cause to make the arrest on just the erratic driving, and the window down, and the unlighted cigarette Again, as I said to you, I think that when you look at the totality of the circumstances, in light of what was demonstrated on the videotape, and when you look at the officers, all four officers' affidavits, that it's clear that probable cause existed We're not here to establish that he actually was intoxicated, and intoxicated in this case was not by alcohol I understand that, but for the probable cause determination, you've said that probable cause was clear And what I'm raising is how can you say that there was clear probable cause on just that factor of the failed sobriety test, and the windows down, or the unlit cigarette Well, I'm not clear that the video shows that he failed a sobriety test He's got remarkable balance, as far as I'm concerned As I said, I'll rest on my brief on that issue, because I don't think that it makes a difference You should rest on the video. I think I would rest on the video, not the brief, to be honest with you We can all look at that video and see it differently, but we're here to, again, look at the Maybe you could help me by telling me what facts you think that are undisputed that establish probable cause in this case It's undisputed that he drove a semi-truck over the median He drove it over a curb The evidence says he drove it over the median, which in this case is a divided, like a boulevard, where this particular road is And he drove a semi-truck at 2 in the morning up and over that median Did he cross it? Did he cross the median? I thought it showed that the tires went up over the curb The video doesn't show the initial erratic driving Well, could that be a disputed fact? How erratic was the driving? They have not disputed that he drove up and over that curb But the question before was, did he enter the oncoming, you said he drove over Did he enter the lane of oncoming traffic in the other direction? No, because it's a boulevard. The boulevard divides the traffic Right, but you said he went over it So a tire went on it, yes He went up over and he stayed on his side of the boulevard That's what attracted the officer's attention in the first place That's undisputed It's undisputed that he had his window open and was hanging out the cab on a cold January morning, 2 a.m. in the morning I just want to help clarify things Why does all this stuff matter? The test is whether there was probable cause to arrest And I would have thought that either the tests that were done on him Established that a reasonable officer could find probable cause, or they didn't Because if they showed that they didn't, who cares what happened before? So I don't understand why you're focused on that I would have thought it's about the test No, no, no, the question was, what's the evidence of probable cause? And you've decided to focus on what happened before the test, which you can do it I just don't understand the point you're making The case law indicates that the initial stop, whatever the cause for the initial stop Is reasonable, is one factor that can be used in making a probable cause determination But, as I said, the focus here, I think, because we're dealing with qualified immunity I will rest on my brief, I think the cases are there to support that this was a probable cause determination In light of what the officer did to test Mr. Wrzeski, especially the last walk-and-turn test Well, that was like the eighth or ninth test that he put him through And the tests that he's using are sanctioned by the NRA But how many tests do you have to pass before somebody finally And then, after the test, he goes rummaging around in the cab saying, I know it's in here somewhere I'm going to find it, whatever it is So, as I said, if you want to accept, I will accept, for the purposes of argument That there may have been a violation here But my point is, is there was a violation that does not, if so facto, mean he should be held personally liable I mean, the point of qualified immunity, that was clarified again in White Is that you are not exposed to liability for mere negligent acts Well, but here's the point we have to grapple with And that is the problem of whether there are disputes of fact that need to go back for somebody other than us to decide That's where we are It's got to be, and in order to get past that hurdle on appeal You need to convince us that there are undisputed facts That, as a matter of law, would show that there was not probable cause here In this case, the undisputed facts, and the district court himself said on the record That this officer faced a difficult decision And that he had to wrestle with either arresting this man based on what he found And he admittedly said, you know, I'm not seeing what I need to see to make this a clear case We're not arguing that I mean, we wouldn't be here if there was a clear case of intoxication Nobody sues in those situations But is this a situation where you can let a jury decide that an officer is plainly incompetent Even though it was admitted by the district court judge that he faced this difficult situation That he assessed what he had in the means of exculpatory Well, maybe you should have a little more confidence in your client I mean, if you've got a good argument in that way You give it to a jury, and they find in his favor And if they don't judge doctor, is that what we want? We want our officers In this case, should it have been better for him to let Mr. Wojcicki go Even though he may have been impaired And allowed him to drive a semi-truck around a suburban community if he's impaired Should we not send these officers for training? This gentleman was certified in drug recognition Eleven years, he was sent for training Should he be concerned about not holding people You know, this isn't a question of us trying to oppress the police It's a question of who makes determinations of fact That's where we are here And it's not us, clearly Well, again, I'm going to refer to White, where the Supreme Court clarified And frankly expressed a little bit of annoyance of being compelled again To reverse a determination that an officer was not entitled to qualified immunity Am I remembering the case correctly? I thought that was a case about the kind of level of generality At which you decide what the clearly established right is That's not this case This is not a case about whether the right is clearly established We all know the test, probable cause You need probable cause for an arrest So the test here is, could a reasonable officer have found probable cause in these facts? Well, that's the end of the opinion But at the beginning, the court stressed the importance of qualified immunity No, no, I think we've got that But if that's not the test, as Judge Sutton just articulated What is the test? The test is, as it's been made clear by the Supreme Court That mere mistakes in judgment, negligence And in this case, the District Court noted That reasonable officers could disagree as to whether there was probable cause here That's not the test, whether or not they could disagree I think we get your point Let's hear from the other side, you'll get your full rebuttal The red light's been on for a little while Judge Sutton, may it please the Court Dan Weininger, on behalf of Eppley and Mr. Thibault I want to launch directly into what opposing counsel mentioned in her argument You asked her a question about Don't the facts on summary judgment have to be construed in the nonmoving's favor? She responded to you saying Only facts that are before the officer at the time are considered during a stop That conflates two different standards, and I want to be clear about that The nonmoving party standard is a summary judgment standard The probable cause standard, in terms of looking at facts at the time That is, as I said, that is a probable cause standard They're two different standards Would you agree that Put green to the side for the second Would you agree that under U.S. Supreme Court law, the test is You look at something, and we all know the clearly established law This is not a case about clearly established law But the question of qualified immunity cases Could a reasonable officer have found probable cause to arrest this person? Is that the test we apply here? Yeah, whether a reasonable officer looked at the evidence No, no, could a reasonable officer find probable cause on these facts? And if so, then the officer wins I wouldn't say that, Judge Sutton Well, how could you agree to the test and then not agree to its application? I agree to the test, because if you apply it in this case There's triple issues And again, you can't just take the probable cause standard and then isolate it You have to look at the summary judgment standard, too No, but when you've got a video I mean, I'll just cut right to the chase Sure, go ahead Here's what I The briefs, I kind of was inclined to think you were right on the briefs Then I watched the video, and I watched the last part of the video He almost falls over He's driving a semi I'm thinking, my God, if this guy He lets this guy go He runs into some SUV with a family of five Because he really is intoxicated You've got a serious problem He almost falls over in the video Look at what was going on at the time And again, if you look at the point in time And I want to make this clear You look at the point in time that the officer goes back to the car When Mr. Thibault has already been When he's already arrested You hear, when he opens the door, what sounds like a loud explosion That is the wind That is the wind at the time That's what was going on at that time Here's the thing about the temperature at the time He was knocked over by the wind? What's that? He was knocked over by the wind? Well, if you look at the type of test he was doing He was walking great before Even the district judge said on the record That he had problems executing some of these tests in his own chambers Okay, I just have to make sure All I want you to know is When I look at someone almost falling over All they're being asked to do They're not on a balance beam There's not actually a line It just says walk in a straight line He almost falls over He was able to keep his balance on the first test He was a little bit wobbly But he was able to keep his balance on the first test And our expert pointed that out I'm not asking about the other tests I'm asking about the last one The last one he completely failed After he had been outside With no jacket on So he falls because it's cold He falls because he's so cold and it's windy It is, and that's something to be taken into account And the fact that the officer knew that Let me ask you this If you and Judge Sutton agree on The test as to probable cause So why do you say the facts In this case don't amount to Probable cause to make the arrest That's what I want to hear Why isn't that test met? Because I'm here today not to show that Officer Wierczewski violated Mr. Thibault's constitutional rights What I'm here to show is that A reasonable jury could conclude That he did And I believe based on that video And based upon our expert But we don't give We don't give juries questions of law Isn't that a question of law? This is a factual question It is Why is it a question? Could a reasonable officer find Probable cause on these facts? That is not a jury question Juries determine that first prong Of the analysis all the time when they go to trial Was there enough evidence here To arrest this individual? Based on the test But don't we make The court makes the determination As to whether or not The officer is entitled to qualified immunity That's the legal determination Absolutely So we have to cross that hurdle Before you ever get to the jury And that's the question now Why under these facts Is there Do you say that a reasonable officer Could not determine that probable cause Existed to make the arrest And if so If they can't Then the officer is entitled to qualified immunity Because if you Again if you look at the facts Even on the video And you look at our expert There are significant problems With the way the tests were administered And the way the tests were interpreted Can I just Just so you know what I'm saying Just to clarify the point I'm making Sure There are two different things One possibility is Was there probable cause here? Okay If you look at the video And everything else Jury asked Was this probable cause? Second question is distinct Could a reasonable officer Any reasonable officer Not this one Could a hypothetical reasonable officer On these facts Find probable cause? And I think that's And again You're agreeing that that's That's the fair question On qualified immunity The question Right the question on qualified immunity Is one Is there the constitutional violation And again We're not addressing That the query is not just right And I would have said The way this works Is if we say A reasonable officer hypothetically Could find probable cause here Case over That question doesn't go to the jury I don't agree with that What's your US Supreme Court case? I think you're right The green Probably supports what you're saying Miller No I want to know US Supreme Court case Tell me a US Supreme Court case That frames it the way You're framing it I don't have a US I would You know Gladly submit supplemental I don't have a US Supreme Court case Off the tip of my tongue But I will say that Based on these facts Particularly in light of the fact That I want to draw The court's attention to this That opposing counsel cited Approximately 25 cases To try to shoot this argument down Not one of them Not a single one Dealt with a situation Where the officer comes to tip cap And he smells no intoxicants And he observes No physical signs of intoxication You should be worried About our questions You should be worried About our questions But Judge Sutton That addresses your concern I'm asking about her 25 cases No but I'm ignoring her 25 cases I'm sorry you are what? I'm ignoring her 25 cases Oh you're ignoring The 25 cases Okay just to be clear Sure but I think that The fact And what I'm addressing And making this point is I'm trying to get to your point Is that the probable cause Of determination Hinges upon these factors He gets to that cap He smells nothing He sees nothing And all of a sudden My client is conducting A field sobriety test Because he clipped a curb I mean I'm sorry I come from Brooklyn, New York That happens probably A thousand times a day It's not as if he Tore off a traffic signal And started hurling Down Mack Avenue Oh sorry Down Morose Avenue Morose Road That's not what happened here He clipped a curb At two o'clock in the morning Does any of that matter If a reasonable officer Could find that he Failed the last test I'm sorry Say that one more time Does any of the stuff matter What he saw when he was The truck driver was driving What he saw when he First talked to him What he saw when he Conducted the first seven tests Does any of that matter If a reasonable officer Could look at the last test And say my gosh That's probable cause Of intoxication Humbly speaking Judge Dunn I think the flaws That you're isolating That last test You have to look at The totality of the circumstances That is the probable cause standard And that is I know we're not discussing Clearly established That's clearly established By the Supreme Court And in this circuit The totality of the circumstances You cannot isolate The last test And say oh A reasonable officer Could conclude from this How about if I Isolate it this way Everything's the same He fails the last test And then he vomits Would that be enough By itself I'm isolating I'm ignoring Everything else Everything else Cuts in his favor Everything else Cuts in his favor Except for this Suddenly two bad things happen He almost falls over And walks in a straight line And he vomits Listen He could be very very nervous And cold and windy I've heard people Arguing for you And nearly throwing up So I mean It's very possible It's a good answer It's very possible That he could Does that necessarily mean That he committed That there's probable cause That he committed a crime How long had he been Out of the truck Out in the How long had he These tests gone on for I can't say exactly But looking at the There was a counter In the bottom left hand Yeah That's what I thought I believe it was about 20 to 25 minutes I want to say More conservatively On the 20 minute side But in that weather With that wind Which is verified By the video And the audio We have a serious problem As to whether Officer Wierzewski Should have taken that Into account And again I'm not saying Does he have to be A maitre d' At a restaurant And ask the guy If he wants a coat And come out And do these tests No But would a reasonable Officer have considered That and conducted These tests Absolutely And the underlying Question really is What is the validity Of these tests If they're conducted In these conditions And the officer Doesn't take it Into account That's very trouble Because then you get To situations Where people get Railroaded And that's even A bigger problem I would like to If the court Has any more questions On that front I'd like to address The supplemental authority Aspect I just want to Hammer home again Because I want to make sure It's clear to the court Because I don't believe It was not necessarily Clear to me But when you In terms of looking at The evidence of The breathalyzer And the blood test Opposing counsel Cites a case Trujillo V. Rio Arriba County And there is a line In there I believe I believe The Lexa site The Lexa site Is at 134 I believe Where the court says Oh you know There was probable cause Oh and by the way He There was a breathalyzer And And there was blood test And it verified The The The officer's Determination That's That's That supports our point Is that Evidence Of The breathalyzer Evidence of The blood test Although Opposing counsel Is correct They do not come Into the probable cause Determination They do come in though For summary Judgment purposes And that's where These two standards Somewhat conflict A little bit But it's an important Distinction Because Miller V. Satellite A case Out of this circuit And Green The The panels In those cases Considered Post arrest Evidence Not for probable cause They considered it Because of summary Judgment And because Those facts Have to be construed In the non-moving Party's favor And because That evidence Shows That there's a Credibility issue As to what The police officer Actually saw And even Let's just throw Credibility aside I like to use that In summary judgment So much But Then Tell me Your answer To this Concern I have About this case That I'm trying to Figure out Situations where You have a DUI Arrest It Determines The person's not impaired Right That's the only way You'd have a 1983 case Right You're not going to have a lawsuit If the later tests Show they're impaired Right So all we're talking about Are cases like this one Where The officer stops someone They do the test And they arrest And they think There's probable cause And later It determines They're wrong The person was not impaired I'm just trying to figure out In which case It doesn't go to a jury It just seems like And that may not be A function of your argument Maybe that's a function of green I'm just trying to figure out How this is going to work Because it would just seem to me What you said Would probably be enough For Every one of these DUI cases To go To a jury When it turns out The officers were wrong And that's a lot of cases And again You're giving me an example Okay I want to be clear Before I answer the question You're giving me an example There was There was no Verification afterwards On blood tests Or breathalyzer All we have is A A field sobriety test A series of field sobriety tests That are performed I'm saying I'm trying to make the point That Usually when you decide After a DUI arrest To not Charge them Not indict them Is you find out They're not impaired That's true That can happen a lot of ways Usually it's going to be Breathalyzer Or other tests But my point is I don't care how it happens The point is The police make the decision Correctly To their credit We should not indict Because this person Was not impaired I humbly disagree Okay What's this We're on the same page so far On the facts of Yes Okay On the facts of what he does At the time Yeah And so I'm just trying to figure out There are lots of DUI arrests And there's a material number Of DUI arrests Where they don't charge Because they decide The person wasn't impaired And I'm just saying Your argument And again It's maybe Green That's responsible for this Would suggest This material number of DUI cases All go to juries In 1983 sentences I I I I see your concern You're concerned about The number of Of cases that have come Before the Sixth Circuit And And And And It's Nothing to do with us It has to do with It's going to be A determination from A district judge Saying hey I'm going to just rely on Green And the Sixth Circuit Is going to have A thousand more Of these 1983 appeals I think you really Have to look At the facts Of this case It is It is crucially important And what it shows Is one main thing That a reasonable jury Could conclude That Officer Brzezinski Did not have probable cause To make this arrest And I guess You just framed it Exactly as I see What you think The test is And that's exactly Why I think All of these cases Will go to juries Remember the person In every one Of my hypotheticals Is proved not to be impaired There's going to be evidence They were not impaired There's going to be evidence After the fact But the question will become Is in every single instance You're going to have A A A A Mr. Thibault Come along Who's going to Pass some of these tests You're going to have A Mr. Thibault Come along That Marginally passes Some of these tests I mean If we're taking A sample Of a thousand cases I think the number You're going to have That match the facts Of this case Are going to be Very very slim What weight Should we Should be given To The corroborating Officers Probable cause Determination I would say Very little weight And I'll tell you why Because Simply because Officers come on the scene And they look at something Number one These officers Not all of them Were there at the time Okay Number two At the time of the Actions that resulted In the stop In the stop And some of them Were not even there For the beginning For the first few tests That were conducted I think All four officers Were there at the time Of the last HGN test And They were there For the second Walk and turn test So the first issue is At least in this case Is that Not much weight Could be given To those other officers Because they weren't even there They weren't there at the time Most of these tests Were conducted And as to the Second test I think the video Speaks for itself In terms of what a jury Could infer And not infer And the other concern Is Grant And I mentioned this In the brief Is that You could have Four officers Come and take a look At something And opine Whether there's probable cause Or not But the issue still remains All four of them Could be wrong All four of them Could be wrong At least And again Based on these facts Okay Thank you so much Thank you Appreciate your argument Thank you Ms. Thomas Do you have some time left? Judge Sutton I think you've put Your finger Right on The issue here And that is Whether or not Every case Where A charge is dismissed Automatically goes To a jury To determine Qualified immunity We would I mean Arguably That's what Green requires So I don't That's what I'm Struggling with And I think As I've said I think that Green does not Survive application Of Supreme Court Precedent That doesn't help That doesn't help You much Or us much Because we're Supposed to follow Our precedence Right? But I think You can look At the Supreme Court Decisions That exist Both before And after Green And frankly Again I'm going to Quote Because we keep Talking about The standard review This is what The Supreme Court Just said in white The district court Denied the officers Motions for summary Judgment And the facts Are viewed In the light Most favorable To the polis Because this case Concerns the defense Of quality Qualified immunity However The court considers Only the facts That were knowable To the defendant Officers So  We recognize That the Supreme Court Has indicated This court has accepted That that is a question Of law for the courts It is not A jury question And whether it Objectively reasonable Has to also Include a balancing Of the interest Of both The individual here For fourth amendment Protections And the interest Of society The interest In the government To protect the citizens In this case From an intoxicated Driver And what we Have here Is As you pointed out The second Walk and turn test Were all Four officers Witnessed it And it was That Result That prompted Them to arrest This individual They Officer Wazowski Was torn And it was only After he did that And as you pointed out Judge Sutton Clearly reveals In the video He is Wobbling You would agree That with plaintiff Though that if you Keep performing The test Until they fail Reminds me of this case I had a couple years ago Where they Get a Drug sniff Dog And Charlie Comes around And he does an alert And they say All right Let's try Alex That doesn't work And finally they get a dog That alerts That doesn't seem right Does it? No But we have to deal With the facts We have here But that's the point He had to do this test He did this test More than once He did it more than once And again The officers The judge's view The two officers That were there Judge Officer Was that he failed The first walk And turn test too And is this Are we going to Allow every case To go to a jury Because the plaintiffs Can find an expert That criticizes the officer After the fact We have to consider The circumstances At the time Well that's what We'll try to do All right Any other questions? Yeah All right Thank you To both of you For your helpful briefs And oral arguments And for answering Our questions We really appreciate it The case will be submitted And the clerk May call the next case